IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| V. | § § | |
| ROBERT KEITH KINSEY (BOP Inmate No. 32856-077), | § § § | No. 3:13-cr-251-B |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Robert Keith Kinsey, proceeding *pro se*, has filed a Motion Requesting a Judicial Recommendation Concerning Length of Halfway House Placement. *See* Dkt. No. 35. United States District Judge Jane J. Boyle has referred this motion to the undersigned United States magistrate judge. *See* Dkt. No. 36.

Kinsey pleaded guilty to one count of Bank Robbery in violation of 18 U.S.C. § 2113(A) and was sentenced to sentenced to 60 months of imprisonment. *See* Dkt. Nos. 21, 24, & 33. He now requests that the Court issue a recommendation that he be placed for 12 months at a Residential Re-Entry Center ("RRC") or halfway house preceding the end of his sentence. *See* Dkt. No. 35 at 1-4.

The decision whether, and for how long, to place an inmate in a RRC/halfway house is committed to the discretion of the Federal Bureau of Prisons ("BOP") under statutory authority that another court has recently summarized:

> The BOP's discretion to place an inmate in an RRC is governed by 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(1). Section 3621(b) grants the BOP the authority to designate the place where the inmate will be

-1-

imprisoned. This section states, in pertinent part:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence –
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission....
> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b) (2013).

The latter statute, 18 U.S.C. § 3624(c)(1), governs the amount of time that a prisoner may be assigned to an RRC before final release. The Second Chance Act of 2007, Pub. L. 110-199, 122 Stat. 692 (April 9, 2008) amended the provisions of § 3624(c)(1) and extended the maximum time from six to twelve months.

In addition, the Second Chance Act required the BOP to formulate regulations which would ensure that placement in an RRC is: (1) conducted in a manner consistent with section 3621(b); (2) determined on an individual basis; and (3) of sufficient duration to provide the greatest likelihood of successful integration into the community. 18 U.S.C. § 3624(c)(6).

Thus, we note that it is clear from the language referenced above that 18 U.S.C. § 3624(c) does not automatically entitle an inmate to placement in an RRC. *Elmore v. Cruz*, 2011 WL 1602592 (N.D. Tex.

> 2011). Notwithstanding Meade's claims to the contrary, the statute simply directs the BOP to consider placing an inmate in an RRC for up to a 12-month period.

*Meade v. Maiorana*, Civ. A. No. 2:14-CV-656, 2015 WL 1731274, at *2-*3 (W.D. La. Apr. 14, 2015) (footnote omitted).

The undersigned has located no authority requiring the BOP "to solicit the post-sentencing view of the sentencing judge whether transfer to a Residential Re-Entry Center is appropriate," *United States v. Arnett*, No. CR-F-95-5287-OWW, 2009 WL 102704, at *2 (E.D. Cal. Jan. 14, 2009) – or, correspondingly, requiring the Court to provide such a view or recommendation on an inmate's request. And Kinsey does not assert that there are any such requirements.

Rather, it is entirely within the Court's discretion to decide whether to offer such a recommendation. *See, e.g.*, *United States v. Cunningham*, 680 F. Supp. 2d 844, 864-65 (N.D. Ohio 2010) (declining to make recommendation at time of sentencing).

The undersigned respectfully recommends that the Court should decline to do so where, almost two years into Kinsey's sentence under the BOP's supervision, BOP officials, and not the Court, is in the best position at this point to assess whether a RRC/halfway house placement is appropriate for Kinsey and, if so, for how long.

**Recommendation**

The Court should deny Defendant Robert Keith Kinsey's Motion Requesting a Judicial Recommendation Concerning Length of Halfway House Placement [Dkt. No. 35].

The Clerk of the Court is directed to mail a copy of these findings, conclusions,

and recommendation to Robert Keith Kinsey, #32856-077, BOP Forrest City FCI - Medium, P.O. Box 3000, Forrest City, AR 72336.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE